No. 7899.

### HUTTS *v.* BOWERS ET AL.

SUPREME COURT.—*Verdict.*—*Weight of Evidence.*—Where there is evidence tending to support the verdict, the Supreme Court will not disturb it on the mere weight of the evidence.

SAME.—*Petition for a Rehearing.*—*Sixty Days.*—Where a decision in a cause in the Supreme Court was rendered on the 12th of October, and the opinion filed with the clerk on the 13th, a petition for a rehearing filed on the 13th of December following, will not be considered, as more than sixty days had elapsed after the determination of the case.

From the Fountain Circuit Court.

*J. W. Copner*, for appellant.
*S. F. Wood* and *W. A. Tipton*, for appellees.

BICKNELL, C. C.—This was an action by the assignee of a promissory note given for land, against the maker of the note and his grantee. The complaint demanded a judgment upon the note and the enforcement of a vendor's lien. There were several answers and demurrers and rulings of the court thereon, and the cause was finally tried by a jury upon the complaint, the general denial, certain pleas of release, and pleas of *non est factum*, and replies thereto in denial.

The jury returned a verdict for the appellees, and judgment was rendered against the appellant, that he take nothing by his suit. A motion for a new trial was overruled. The appellant assigned four errors; but, in his brief, he expressly waived them all except the fourth, which is that the court erred in overruling the motion for a new trial. The reasons alleged for a new trial were,

1st. That the verdict was not sustained by sufficient evidence. 2d. That the verdict was contrary to the evidence.

There was evidence tending to support the pleas of *non est factum*, and to sustain the verdict of the jury; and the rule, that this court will not disturb a verdict on the mere weight of the evidence, is too well established to be shaken. The reasons of this rule are stated fully by HOWK, J., in the case of *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73. In accordance with the ruling in that case, the judgment of the court below ought to be affirmed.

Per Curiam.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.

### On Petition for a Rehearing.

Bicknell, C. C.—"At any time within sixty days after such determination, either party may file a petition for a rehearing." Practice Act, sec. 571.

In this case, the decision was made on the 12th of October, 1881; it was filed with the clerk on the 13th of October, 1881; the petition for a rehearing was filed on the 13th of December, 1881; more than sixty days after the determination had then elapsed. The petition, therefore, can not be considered.