Filed Feb. 12, 1884.

———————

No. 8590.

## ARMSTRONG ET AL. *v.* HARSHMAN.

PRACTICE.—*Law of the Case.*—Where the Supreme Court, on appeal, holds a complaint to be good and reverses the judgment and remands the cause, the question is irreversibly settled for that suit, in all its subsequent stages.

SAME.—*Bill of Exceptions.*—*Transcript.*—Sixty days were given to file a bill of exceptions, and a transcript, made out and duly certified within that period, contained a bill, but it did not appear therein by words that the bill had ever been filed.

*Held,* that the bill must be regarded as properly filed in time.

From the Clinton Circuit Court.

*L. McClurg, J. V. Kent* and *J. N. Sims,* for appellants.
*R. P. Davidson* and *J. C. Davidson,* for appellee.

HAMMOND, J.—This is the third appeal in this case. *Harshman* v. *Armstrong,* 43 Ind. 126 ; *Armstrong* v. *Harshman,* 61 Ind. 52 (28 Am. R. 665).   On the first appeal, Harshman's complaint, to which a demurrer had been sustained in the court

below, was held to be sufficient, and the judgment was reversed on account of the erroneous ruling on the demurrer.   On the second appeal, the case was reversed because the evidence did not sustain the verdict of the jury in favor of Harshman.  A reference to the reported cases will sufficiently show the issues, as made by the pleadings, without re-stating them in this opinion.   On the return of the case to the court below, after the second appeal, it was again tried by a jury and a verdict again returned for the appellee.   Over the appellant's motion for a new trial, judgment was rendered on the verdict for the appellee, on January 20th, 1880.   At that time, sixty days were given the appellants in which to file their bill of exceptions.   What purports to be a bill of exceptions, containing the evidence, appears in the record, but there is no statement in the body of the record showing that it was ever filed in the clerk's office in the cause.   The transcript of the clerk, however, is dated March 16th, 1880, which was within the sixty days.   The certificate of the clerk, following the transcript, states "that the above and foregoing is a full, true and complete transcript in the above entitled cause as the same appears of record on file in my office."   We think, under the authority of *Oliver* v. *Pate,* 43 Ind. 132, and *Porter* v. *Choen,* 60 Ind. 338, 346, that the bill of exceptions must not only be regarded as having been filed, but also as having been filed in time.   The record in this case is quite different from that in *Loy* v. *Loy,* 90 Ind. 404.

The errors now assigned are that the appellee's complaint does not state facts sufficient to constitute a cause of action, and that the court below erred in overruling the appellants' motion for a new trial.

The sufficiency of the complaint was determined upon the first appeal.   No change has since been made in the complaint.   The former decision of this court is therefore final and conclusive upon the question of the sufficiency of the complaint.   When the Supreme Court decides a case, the questions decided are irreversibly settled between the parties in all

subsequeht stages of the action.   *Kress* v. *State, ex rel.,* 65 Ind. 106; *Hawley* v. *Smith,* 45 Ind. 183; *Board, etc.,* v. *Indianapolis, etc., Co.,* 89 Ind. 101.

The appellants' motion for a new trial embraces various causes, but the only one discussed by their counsel, in their brief, is that the verdict of the jury is not sustained by sufficient evidence.

This action, as will be seen from the reported cases, was brought by the appellee against the appellants, for contribution, on the theory that the appellants were co-sureties with the appellee for one Blake.   The note was signed by Blake and appellee, was made payable to the appellants, at Phœnix Bank, New York City, and was also endorsed by the appellants to the Bank of the State of Indiana, at Lafayette.   It is alleged in the complaint that the note was thus executed and endorsed to enable Blake to obtain a loan; and that he thereupon discounted and sold the note to the bank at Lafayette.   Other averments are made showing that the appellee was compelled to pay the note.   On the second appeal, it was held that the evidence was not sufficient as to an express contract between the appellee and the appellants, that they should, as between themselves, be regarded as co-makers of the note.   And it is now insisted by appellants' counsel that the proof is still insufficient upon this point.   We have carefully examined the record and think that it contains evidence from which the jury might fairly have inferred that, in the execution and endorsement of the note, the appellee and the appellants agreed to consider themselves as co-makers with, and co-sureties for, Blake.   We can not, therefore, hold that there was any error in overruling the appellants' motion for a new trial.

Judgment affirmed, at the appellants' costs.

Filed Oct. 19, 1883.

ON MOTION TO REINSTATE PETITION FOR A REHEARING.

HOWK, C. J.—In section 662, R. S. 1881, it is provided as

follows: "When any cause is determined in the Supreme Court, the clerk shall forthwith notify the clerk of the court below that it is determined, and whether reversed or affirmed, in whole or in part, or dismissed. At any time within sixty days after such determination, either party may file a petition for a rehearing; if not so filed, the decision and instructions of the Supreme Court shall be certified to the court below, unlesss otherwise ordered by the court."

Under this section of the code, and in attempted compliance therewith, the appellants in the above entitled cause, on the sixty-first day after it was determined in this court, filed a petition for a rehearing thereof. This petition was rejected by the court, because it was not filed within the sixty days allowed by the statute.

Since this action was had, the appellants have filed an earnest petition, supported by affidavits, wherein they ask us to rescind the order rejecting their petition for a rehearing, and to reinstate, consider and pass upon this latter petition. Appellants show very clearly that, on the sixtieth and last day of the time prescribed in the statute, they used reasonable diligence to have their petition for a rehearing filed on that day; but no sufficient reason or excuse is shown, by affidavit or otherwise, for their failure or neglect to file such petition on one of the fifty-nine days preceding that day. The statute does not require that the petition for a rehearing should be filed on the sixtieth day alone of the sixty days after the determination of the cause, but it expressly provides that "*at any time*" within the sixty days the petition may be filed.

We adhere to our former order, rejecting the appellants' petition for a rehearing because it was filed too late, and their petition for the rescission of that order, etc., is overruled with costs.

Filed Feb. 19, 1884.