THE STATE OF UTAH, Respondent, v. PETER P. MICKLE, JOSEPH SWASEY and LEE Mc-DONALD, Appellants.

No. 1365. (70 Pac. 856.)

1. Criminal Law: New Trial: Prejudiced Juror.

A new trial in a criminal action should not be granted for statements made by a juror, before his selection, showing a prejudicial bias against defendant, unless the accused, by the evidence he introduces, in support of his motion for a new trial, clearly and satisfactorily shows that such statements were actually made.

2. Same: Affidavits: Sufficiency.

Affidavits in support of a motion for a new trial for grand larceny considered, and *held* not to show that a juror had, before trial, expressed his belief in defendants' guilt, and stated that, at any rate, they should be convicted on general principles.

3. Same: When Granted.

Revised Statutes, section 4952, provides for a new trial after the conviction of one accused of a crime when (subdivision 3) the jury has been guilty of any misconduct whereby a due consideration of the case may have been prevented, or when (subdivision 4) the verdict has been decided by any means other than a fair expression of opinion on the part of all the jurors. *Held*, that the previously expressed bias of a juror, falsely denied on his voir dire, and unknown to the defendant or his

attorney until after trial, warrants a new trial under either
subdivision.[1]

**4. Same: Motion: Time to File.**
   Revised Statutes, section 4953, provides that in a criminal case,
   where the application for a new trial is based on subdivision
   3 or 4 of section 4952, either of which authorizes a new trial on
   the ground of a bias expressed by a juror prior to trial, and
   unknown to defendants until after trial, such application must
   be filed and served within thirty days after the discovery of
   such fact by the party relying thereon. *Held* that, where such
   alleged prejudicial statements of a juror are discovered before
   an appeal from the conviction is taken, the motion for new
   trial should be made within thirty days, and the appeal delayed
   until after denial of the motion.

**5. Same: Record.**
   Where the record does not show that the motion was filed and
   served within the prescribed time after discovery, it is not error
   to deny the motion.

(Decided December 8, 1902.)

Appeal from the Seventh District Court, Emery County.—
*Hon. Jacob Johnson*, Judge.

The defendants were convicted and sentenced on an
indictment for grand larceny. Affirmed on appeal. From
an order overruling a motion for a new trial, the defendants
again appealed.

Affirmed.

*Messrs. King, Burton & King* and *Soren X. Christensen,*
*Esq.*, for appellants.

*Hon. M. A. Breeden*, Attorney-General, and *Hon. W. R.
White*, Deputy Attorney-General, for the State.

BASKIN, J.—The appellants were, on an indictment
for grand larceny, convicted and sentenced, the said Mickle

---

[1]State v. Morgan, 23 Utah 212, 64 Pac. 356.

and Swasey for the term of three years, and the said Mc-
Donald for the term of one year. An appeal was taken by
the accused, and the judgment of the trial court affirmed by
this court, and the case remanded to the trial court for execu-
tion, whereupon the accused made a motion for a new trial,
and the court below overruled the motion, and ordered that
the judgment be executed on a day mentioned. The present
appeal is from the order overruling said motion, and direct-
ing the execution of the judgment.

One of the grounds of the motion for a new trial, and the
only one relied upon by appellants, counsel, is as follows:
"That the juror J. W. Killian, who sat in the above-entitled
case, was disqualified to act as such juror; he having, prior
to the time of being called and accepted to serve as such juror,
formed and expressed an unqualified opinion and belief that
the defendants, and each of them, were guilty as charged in
the complaint." In the examination of the juror J. W.
Killian upon his *voir dire*, he stated, in substance, that he
had not heard the witnesses in the case talk about it, but had
heard others talk about the case and express opinions, and
believed that this had made some impression on his mind,
but that he did not consider men guilty until they were proved
to be guilty; that he did not think he had formed or expressed
an opinion either way as to the guilt or innocence of the ac-
cused; and that he would be governed entirely by the evidence,
and law given by the court. In support of the motion for a
new trial, counsel for the accused introduced the affidavit of
Fred A. Killpack, in which he averred that in the presence
of Dr. Pearson, Victor Olsen, Hyrum Larsen, Ira R. Brown-
ing, and others, at the drugstore of Dr. Pearson, the juror
J. W. Killian, on the day before he was accepted as a juror,
in speaking of the case, said, in substance, the following:
"That the peculiar actions of P. P. Mickle and McDonald
when Halvorsen met them on the desert gave them away.
Their actions at that time showed that they were guilty.
That it looked as though Swasey was to draw the attention

of Halvorsen while Mickle and McDonald drove the horses away. Their peculiar actions would show to the court and jury that they were guilty, and I don't see how they can escape. They are bound to be convicted." Also the affidavit of Ira R. Browning, in which he deposed that at the same time and place, and in the presence of the same parties and others mentioned in the affidavit of Killpack, the juror J. W. Killian, in speaking of the case, said "that, whether they [the accused] are guilty or not of the offense, they ought to be convicted on general principles." Also the affidavit of Victor Olsen, in which he deposed that at the drugstore of Dr. Pearson, on the — day of February, 1901, the juror J. W. Killian, in speaking of the case, said: "I think the defendants are guilty, and they ought to be convicted on general principles anyway." And also the affidavit of Dr. Pearson, in which he deposed that at his drugstore, in the presence of the said Killpack, Larsen, Browning, and others, he heard the juror Killian speak about the case, but did not remember what the juror said. The State introduced the affidavit of S. V. Accord, in which he deposed as follows: "That he was present at Dr. Pearson's drugstore on the day before the impaneling of the jury in the above-entitled case, in the presence of H. P. Ottoson, Hyrum Larsen, J. W. Killian, and others. That I was the principal spokesman in said conversation, so far as it related to said above-entitled case. That I was in a position to hear, and did hear, all that was said in relation thereto, especially by J. W. Killian, who was afterwards a juror in said case. That at no time during said conversation did he say, either in words or in substance, that the peculiar actions of Peter P. Mickle and Lee McDonald, when Halvorsen met them on the desert, gave them away; that their actions at the time showed they were guilty; that it looked as though Swasey was to draw the attention of Halvorsen while Mickle and McDonald drove the horses away. 'Their peculiar actions would show to the court and jury that they were guilty, and I don't see how they can escape. They

State v. Mickle et al.

are bound to be convicted.' Nor did he say at any time during said conversation, either in word or in substance, 'I think that the defendants are guilty, and they ought to be convicted on general principles anyway.' That the only conversation about said horses was in reference to who would be liable for their keeping during the pendency of said trial." Also the affidavit of H. P. Ottoson, which, in substance, was the same as the affidavit of Accord. Also the affidavit of the juror Killian, in which he deposed as follows: "That he has read the affidavits of I. R. Browning, Victor Olsen, and Fred Killpack, filed in the above-entitled cause, relating to a certain conversation in Dr. Pearson's drugstore on the day before the impaneling of the jury in said case. That I have never, in word or substance, given utterance to the matters therein set forth; and particularly do I deny that at Dr. Pearson's drugstore, on said day, or elsewhere, or at any time, have I said regarding the defendants, or either of them in said action, that 'I think the defendants are guilty, and ought to be convicted on general principles;' neither have I at such time and place, or elsewhere, or at any time, said, in substance or in words, that 'the peculiar actions of Peter P. Mickle and Lee McDonald when Halvorsen met them on the desert gave them away; that their actions at that time showed that they were guilty; that it looked as though Swasey was to draw the attention of Halvorsen while Mickle and McDonald drove the horses away; that their peculiar actions would show the court and jury that they were guilty. I don't see how they can escape. They are bound to be convicted.'" In a counter affidavit of Killpack, introduced by appellants, he deposed as follows: "I further say they were two different conversations had at the said drugstore of Dr. Pearson at Castle Dale, and that when the said Killian declared as in my affidavit set forth of the nineteenth day of June, 1901, in respect that the defendants were guilty and bound to be convicted, H. P. Ottoson and S. V. Accord were not present, to the best of my knowledge and belief. They were not present when the

said Killian declared the defendants were guilty, and that they were bound to be convicted, or when that, in substance, was declared and asserted by the said Killian."

While it is well settled that when, in a criminal case, a juror has, before his selection, made such statements as those set out in the affidavits introduced by the defendants in this case, and who upon his *voir dire* testifies as the juror Killian did, and such statements were unknown to either the accused or his attorney until after the trial, a verdict of guilty should, on motion of the accused, if made in proper time, be set aside, and a new trial granted (State v. Morgan, 23 Utah 212, 64 Pac. 356, and cases there cited; Maxwell, Cr. Proc. 729, 730; 12 Enc. Pl. & Prac. 456, subd. 3; 17 Am. and Eng. Enc. Law (2d Ed.), 1168), it is also an equally well-settled rule of law that the verdict of guilty should not be set aside on such grounds except when it is clearly and satisfactorily made to appear from the evidence submitted on the motion for a new trial that the juror, previous to his examination upon his *voir dire*, made the prejudicial statements alleged, and the onus of showing that fact is upon the accused (Hughes v. People, 116 Ill. 330, 338, 6 N. E. 55; State v. Gonce, 87 Mo. 627; Ellis v. State, 92 Tenn. 85, 20 S. W. 500; State v. Peterson, 38 Kan. 204, 16 Pac. 263; 17 Am. and Eng. Enc. Law, 1169, 1170). The reason of the rule is aptly stated in Hughes v. People, supra, as follows: "A verdict ought not to be set aside on such grounds unless it is made to appear from satisfactory evidence the jurors had previously 'formed and expressed' opinions hurtful to the defense. Scarcely a criminal case comes to this court where the same objection to the competency of jurors is not taken, founded on mere ex parte affidavits. Such affidavits are a most unsatisfactory mode of establishing any fact in a case. The parties making them are subject to no cross-examination—one of the most potent methods ever adopted to elicit truth and detect falsehood. Besides that, a mere casual remark concerning any matter may be imper-

fectly understood or not accurately remembered. Many cogent reasons readily suggest themselves why the testimony as to such previously expressed opinions by persons called as jurors should be of a clear and satisfactory character; otherwise a verdict fully warranted by the evidence might have to be set aside, and the ends of justice defeated." We do not think the showing made by the affidavits in the case meets the requirement of the settled rule above stated. Three of the affiants in support of the motion for a new trial positively averred that the juror made the statements complained of, but the juror positively denied ever having done so, and he is corroborated by the affiants Accord and Ottoson. Killpack, in his first affidavit further deposed that at two different times on said day he had a similar conversation with the juror, and in his counter affidavit he deposed that there were two different conversations had at said drugstore, and that, to the best of his knowledge and belief, when the juror made the alleged statements Ottoson and Accord were not present; that they were not present when said statements were made. His positive assertion that Ottoson and Accord were not then present, in connection with his previous statement that they were not to the best of his information and belief, is not an unqualified averment that they were absent. The two averments are inconsistent. If the affiant positively knew the latter one to be true, and intended it as a positive statement, his object in making the former is inconceivable. He does not deny that Ottoson and Accord were present during either of the conversations mentioned, but simply alleges that at the time the juror made the objectionable statements they were not present. It appears from the affidavits introduced that there were a considerable number of persons other than Killpack present, yet the counter affidavit of none of them, sustaining his counter affidavit, was obtained, and no explanation is made why this was not done. The motion for a new trial was properly overruled.

The motion was properly overruled for another reason,

State v. Mickle et al.

which is apparent upon the face of the record.    Each of the defendants made an affidavit in which he deposed that he did not learn that the juror Killian had expressed an opinion as to the guilt of the defendants until after conviction and sentence.    Whether the juror's alleged expression of opinion was communicated to the defendants, or either of them, before, or not until after, the former appeal was taken, is not shown. The previously expressed bias of a juror, when falsely denied by him upon his *voir dire*, and which was not known either by the accused or his attorney until after the trial, is a ground for a new trial, under subdivisions 3 or 4 of section 4952 of the Revised Statutes; but, to be available, it must be positively shown by the record that the motion was filed and served in proper time.    It is provided in section 4953, Revised Statutes, that "the application for a new trial . . . if based upon any of the grounds mentioned in subdivisions two, three, four, and seven of the preceding section [4952] must be filed and served within thirty days after the discovery of the facts upon which the party relies in support of his motion."    If the defendants were informed of the alleged biased statements of the juror before the prior appeal was taken they should have filed and served their motion within thirty days from their discovery of that fact, and delayed taking an appeal until after that motion was denied.    As it does not appear when the defendants discovered the alleged bias of the juror, the record fails to affirmatively show that the motion was filed and served in proper time, and upon that ground the judgment should be affirmed.

It is ordered that the judgment be affirmed and the case remanded.

BARTCH, J., and HART, District Judge, concur.