## WARD *v.* THE STATE OF INDIANA.
### [No. 21,276. Filed January 13, 1909.]

1. APPEAL.—*New Trial.*—*Withdrawing Motion for.*—*Record.*—The withdrawal of a motion for a new trial takes such motion out of the record on appeal. p. 566.
2. NEW TRIAL.—*Right of.*—The right to ask for a new trial after a verdict of guilty, is purely statutory, and may be granted upon any terms the legislature sees fit to impose, or may be withheld altogether. p. 566.
3. SAME.—*Time for Filing Motion for.*—*Extension by Courts.*— Courts have no power to extend the statutory time for filing motions for new trials in criminal cases. p. 567.
4. PLEADING.—*Lost Papers.*—*Remedy.*—The court may authorize the substitution of a copy of a lost paper in a cause. p. 568.
5. NEW TRIAL.—*Motion for.*—*Time for Filing.*—A motion for a new trial in a criminal case must be filed within thirty days from the date of the verdict. p. 568.

From Criminal Court of Marion County (36,323) ; *James A. Pritchard,* Judge.

Prosecution by The State of Indiana against Charles Ward. From a judgment of conviction, defendant appeals. *Affirmed.*

*L. Ert Slack,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted of murder in the second degree, and upon this appeal alleges that the court erred, in overruling (1) his motion for a new trial, (2) his substituted motion for a new trial, and (3) his second substituted motion for a new trial. The State has filed a cross-assignment of error, charging that the court erred in admitting the second substituted motion for a new trial to be filed over the objection of the State.

The verdict of the jury was returned on October 12, 1907, and on November 2 appellant filed his motion and reasons for a new trial. This motion was withdrawn on November 26, and another, entitled "substituted motion for a new trial," filed. On December 14, 1907, appellant filed a motion asking leave to withdraw this substituted motion, to which the prosecuting attorney, on behalf of the State, objected; but such objection was overruled, and leave granted to withdraw the substituted motion for a new trial. Thereupon appellant filed a second substituted motion for a new trial. The first and second motions for a new trial, having been properly withdrawn, were taken out of the record, and have not been included in the transcript. We are not advised therefore as to their contents. The motion for a new trial embraced in the record was filed sixty-three days after the verdict of the jury was returned, and the Attorney-General insists that, since this motion was not filed within thirty days from the date of the verdict, it was unauthorized, and cannot be considered, and hence no question is presented for review.

Appellant's right to apply for a new trial is founded upon the following statute: "The court shall grant a new trial to the defendant for the following causes, or any of them: [Nine causes are then enumerated.] The motion for a new trial and the causes therefor shall be in writing and must be filed within thirty days from the date of the verdict or finding; and any such cause not disclosed

in the record shall be sustained by affidavit. The motion must be filed in open court, if the court be then in session; otherwise it shall be filed with the clerk of the court." §2158 Burns 1908, Acts 1905, pp. 584, 646, §282.

No imperative and mandatory duty or requirement rests upon the State to provide a mode of obtaining a new trial or review of the proceedings in favor of one convicted of a criminal charge by a proper judicial tribunal. The granting of such a right is not a necessary element of due process of law, but such privilege may be wholly withheld or granted on prescribed terms in the discretion of the legislative department of the government. In most, if not all, enlightened states, a desire to secure the fullest justice attainable has prompted provisions for a new trial when substantial· and prejudicial error in the former trial has been seasonably shown by the defendant. The interests of the accused and the welfare of the State demand promptness in the hearing and final disposition of criminal charges. Such cases must, at some time, effectually and finally be terminated in the courts, and thereafter remain at rest. The statute before quoted authorizes new trials for specified causes, provided the application therefor be made in writing within the prescribed time. The legislature manifestly regarded thirty days from the return of the verdict as reasonable and ample time for the preparation and filing of the motion. The Criminal Court of Marion County is a statutory tribunal of limited powers, and plainly without authority to extend the time so definitely fixed by the legislature; nor, in truth, did the court pretend or attempt to extend the statutory time. Appellant did not request or obtain leave to amend the motion which was filed within the proper period, or to supplement the same by adding causes discovered for the first time since the filing of his original motion, but, as the transcript shows, voluntarily withdrew this motion from the files and thereby took it out

of the record. If a pleading or other paper in a cause be lost or withheld by any person, the court may authorize a copy thereof to be substituted instead of the original, but the paper denominated a "second substituted motion for a new trial" was not filed under such circumstances. The filing of this motion was an independent act; the paper is complete within itself, and, by whatever name designated, must be regarded as an original motion. It may be true that in withdrawing motions previously filed counsel entertained an intention to file a new motion in lieu thereof, but the record does not contain or disclose any such mental purpose, and we express no opinion as to the validity and efficiency of such procedure even though it were made fully to appear. The motion for a new trial upon which appellant relies for a reversal of the judgment was not filed within thirty days from the date of the verdict, and was therefore unauthorized, and presents no question for review by this court. *Willis* v. *State* (1878), 62 Ind. 391; *Sturm* v. *State* (1881), 74 Ind. 278; *Miller* v. *State* (1905), 165 Ind. 566; *People* v. *Swartz* (1898), 118 Mich. 292, 76 N. W. 491; *State* v. *Cushing* (1876), 11 R. I. 313; *State* v. *Mickle* (1902), 25 Utah 179, 70 Pac. 856; *Branch* v. *State* (1876), 1 Tex. App. 99; *State* v. *Rice* (1901), 7 Idaho 762, 66 Pac. 87; *State* v. *Davis* (1898), 6 Idaho 159, 66 Pac. 932; *McKinney* v. *State* (1892), 3 Wyo. 719, 30 Pac. 293, 16 L. R. A. 710.

We deem it proper to add that counsel for appellant in this court did not participate in any of the proceedings of the trial court, prior to the taking of the appeal.

The judgment is affirmed.