## KEEFER *v.* THE STATE OF INDIANA.

[No. 21,609.    Filed October 12, 1910.]

1. NUISANCE.—*Statutes.*—*Failure to Define.*—*Common Law.*—In the statute making the maintenance of a nuisance a crime (§2440 Burns 1908, Acts 1905 p. 584, §534) the failure to define the offense will be remedied by the courts by a resort to the common-law definition, as well as to §291 Burns 1908, §289 R. S. 1881, defining a nuisance.   p. 589.

2. NUISANCE.—*Public.*—*Statutes.*—The term "public nuisance," as used in §2440 Burns 1908, Acts 1905 p. 584, §534, making guilty of a misdemeanor all persons who erect, continue or maintain a "public nuisance," has a well-defined meaning and implies an annoyance to such part of the public as necessarily comes in contact with it.   p. 590.

3. NUISANCE.—*Indictment.*—*Sufficiency.*—An indictment charging acts which constitute a nuisance under §2440 Burns 1908, Acts 1905 p. 584, §534, is sufficient regardless of the question whether the acts charged constitute a nuisance under other statutes. p. 590.

4. NUISANCE.—*Blasting Rock.*—Blasting rock in quarries, thereby throwing stone upon the surrounding land and highways, constitutes a nuisance at the common law.   p. 590.

5. NUISANCE.— *Blasting Rock.— Indictment.— Duplicity.—* An indictment charging that defendant "unlawfully erected and maintained a stone-quarry, and place of blasting and shooting with dynamite stone and rock, near to and by the dwelling-houses of divers inhabitants of said county and near certain public highways and streets * * * and did then and there shoot, dynamite and blast such stone, * * * causing noisome, loud, shocking and terrifying noises, and hurling rock * * * upon the premises * * * of said inhabitants, obstructing the public highways and streets," is sufficiently definite, and charges but one misdemeanor. p. 591.

6. NEW TRIAL.—*Motion for.*—*Time for Filing.*—*Criminal Law.*—A motion for a new trial in a criminal case must be filed "within thirty days from the date of the verdict" (§2158 Burns 1908, Acts 1905 p. 584, §282).   p. 591.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Prosecution by The State of Indiana against Henry Keefer. From a judgment of conviction, defendant appeals. *Affirmed.*

*Lesh & Lesh,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONKS, C. J.—Appellant was convicted before a justice of the peace on an affidavit charging him with maintaining a nuisance, by blasting stone in his stone-quarry, thereby casting rock upon the surrounding properties and highways. He appealed to the court below, where he was again convicted.

Appellant first insists that the court erred in overruling his motion to quash the affidavit. Section 2440 Burns 1908, Acts 1905 p. 584, §534, provides that "every person 1. who shall erect, or continue and maintain any public nuisance, to the injury of any part of the citizens of this State, shall, on conviction, be fined not exceeding $100." While said section does not specifically define the crime of nuisance, the courts will define the crime by the aid of the common-law definitions and the import of the language used. *Sopher* v. *State* (1907), 169 Ind. 177, 181, 14 L. R. A. (N. S.) 172; *Ledgerwood* v. *State* (1893), 134 Ind. 81, 89, and cases cited; *State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. Rep. 117. It has also been held that §291 Burns 1908, §289 R. S. 1881, may be looked to for that purpose. Said section reads as follows: "Whatever is injurious to the health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." *Hackney* v. *State* (1856), 8 Ind. 494; *Moses* v. *State* (1877), 58 Ind. 185; *Russell* v. *State* (1904), 32 Ind. App. 243, 245; Gillett, Crim. Law (2d ed.) §640.

The term "public nuisance," as used in the statutes pro-

viding a punishment for maintaining a public nuisance, has a well-defined, legal meaning, and sufficiently designates the class of prohibited acts. Gillett, Crim. Law (2d ed.) §640; *Burk* v. *State* (1867), 27 Ind. 430; *State* v. *Tabler* (1905), 34 Ind. App. 393, 396, 397, 107 Am. St. 256, and cases cited; *Russell* v. *State supra*. It was said in the case of *State* v. *Tabler, supra:* "A nuisance is a public nuisance if it annoys such part of the public as necessarily comes in contact with it." It is evident that §2440, *supra,* covers every case of nuisance within its provisions, except such as are specifically defined and provided for in other sections.

Appellant contends that the acts charged in the affidavit do not constitute a nuisance under any of the other sections of the statute. Accepting this contention as correct, it is only necessary to determine whether said acts constitute a nuisance under §2440, *supra.*

Blasting stone in quarries, thereby casting rock upon the surrounding properties and highways, was indictable at common law as a nuisance. 1 Russell, Crimes (6th ed.) 736; 1 Russell, Crimes (9th Am. ed.) *438, *439; *Reg.* v. *Mutters* (1864), L. & C. C. C. 491, 10 Cox Cr. Cas. 6, 34 L. J. (M. C.) 22; *Scott* v. *Firth* (1864), 4 F. & F. 349. See, also, Joyce, Nuisances §124; *Wright* v. *Compton* (1876), 53 Ind. 337, and cases cited; *People's Gas Co.* v. *Tyner* (1892), 131 Ind. 277, 31 Am. St. 433, 16 L. R. A. 443; *Scott* v. *Bay* (1853), 3 Md. 431; *Hay* v. *Cohoes Co.* (1849), 2 N. Y. 159, 51 Am. Dec. 279; *Termain* v. *Cohoes Co.* (1849), 2 N. Y. 163, 51 Am. Dec. 284; *St. Peter* v. *Denison* (1874), 58 N. Y. 416, 17 Am. Rep. 258; *Sullivan* v. *Dunham* (1900), 161 N. Y. 290, 55 N. E. 923, 76 Am. St. 274, 47 L. R. A. 715 and notes; *Longtin* v. *Persell* (1904), 30 Mont. 306, 76 Pac. 699, 65 L. R. A. 655 and note, 104 Am. St. 723 and note; *Graetz* v. *McKenzie* (1893), 9 Wash. 696, 35 Pac. 377; *Central Iron, etc., Co.*

v. *Vandenheuk* (1906), 147 Ala. 546, 41 South. 145, 6 L. R. A. (N. S.), 570, 119 Am. St. 102.

It is also insisted by appellant that said "affidavit is so ambiguous, uncertain and indefinite" that it it not suffi-cient upon any theory. It appears from the affidavit

5. that appellant "unlawfully erected and maintained a stone-quarry, and place of blasting and shooting, with dynamite, stone and rock, near to and by the dwelling-houses of divers inhabitants of said county and near certain public highways and streets along and through which di-vers inhabitants of such county and State were continually passing, and that he did then and there shoot, dynamite and blast such stone and rock at and in said quarry, causing noisome, loud, shocking and terrifying noises, and hurling rock and stone over and upon the premises and property of said inhabitants, obstructing the public highways and streets at and by said stone-quarry, whereby the property of the inhabitants there living is injured in value, their comfortable enjoyment of life prevented, and the health and comfort of the public passing along and upon said high-ways and streets there situated endangered," etc.

While the affidavit is not a model, it is not so ambiguous, uncertain and indefinite as to be insufficient on a motion to quash. Gillett, Crim. Law (2d ed.) §125. As the facts alleged in the affidavit constituted a public nuisance at com-mon law, it is evident that the affidavit is sufficient under §2440, *supra*. All the acts charged constitute but one nui-sance. *Meyers* v. *State* (1907), 169 Ind. 403. It follows that the court did not err in overruling the motion to quash the affidavit.

The motion for a new trial, upon which appellant relies, was not "filed within thirty days from the date of the ver-dict," as required by §2158 Burns 1908, Acts 1905

6. p. 584, §282. It was held by this court in the case of *Ward* v. *State* (1909), 171 Ind. 565, citing nu-merous authorities, that a motion for a new trial in a crim-

inal case, filed after the time fixed by §2158, *supra,* ''was unauthorized, and presents no question for review by this court.'' The reasons for so holding were fully stated in that case and in the cases there cited. See, also, *Quinn* v. *State* (1890), 123 Ind. 59.

Having disposed of all the questions presented by appellant's statement of points, and finding no available error, the judgment is affirmed.