## McCUTCHEON ET AL. v. THE STATE OF INDIANA.

[No. 21,666. Filed January 13, 1911. Rehearing denied June 2, 1911.]

1. CRIMINAL LAW.—*Indictment.*—*Offering Diseased Horse for Sale.* —*Statutes.*—Under §2508 Burns 1908, Acts 1907, p. 100, providing that "whoever shall offer for sale * * * any horse * * * knowing the same to be * * * 'broken winded,' * * * and shall conceal the existence of such disease from the person to whom he is offering such animal for sale" shall be fined, an indictment charging that defendants did "unlawfully offer for sale * * * a certain horse for $165.90 * * *; that said horse was then and there 'broken winded,' said [defendants] then and there well knowing said horse to be 'broken winded' * * * and did then and there conceal the existence of such disease from [the vendee] and did then and there * * * effect the sale of said diseased horse," is sufficient, the charge of the use of a trick or artifice being unnecessary under the first part of the statute, and the charge of effecting the sale being surplusage. p. 14.

2. CRIMINAL LAW.—*Motion for New Trial.*—*Time for Filing.*— *Waiver.*—A motion for a new trial must be filed within thirty days from the return of the verdict; and a right to file it later cannot be granted by the trial court, and error of the trial court in allowing it to be filed later cannot be waived by the failure of the Attorney-General to point out such defect in his brief on appeal. p .15.

From Clark Circuit Court; *H. C. Montgomery*, Judge.

Prosecution by The State of Indiana against George L. McCutcheon and another. From a judgment of conviction, defendants appeal. *Affirmed.*

*Alexander Dowling,* for appellants.

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins* and *W. H. Thompson,* for the State.

Myers, C. J.—Appellants were indicted under §2508 Burns 1908, Acts 1907 p. 100. The indictment charged that they did on or about March 24, 1908, "unlawfully offer for sale to Charles W. Marshall a certain horse for $165.90, which said horse was then and there diseased in this, to wit: That said horse was then and there broken-winded; that said George L. McCutcheon and Harry W. Martin then and there well knowing said horse to be broken-winded and diseased as aforesaid, did then and there conceal the existence of such disease from said Charles W. Marshall, to whom they were then and there offering said diseased horse for sale, and did then and there and thereby effect the sale of said diseased horse to said Charles W. Marshall, he, said Charles W. Marshall, being then and there ignorant of the existence of said disease; that said George L. McCutcheon and Harry W. Martin did then and there by such sale unlawfully obtain $165.90 in money, the personal property of said Charles W. Marshall."

Over a motion to quash, and a plea of not guilty, on a trial by a jury, appellants were found guilty and fined, and over motions for a new trial judgment was rendered against each. Separate errors are assigned on the motions to quash the indictment, and on overruling the separate motions for a new trial.

The sufficiency of the indictment is challenged, on the ground that it fails to allege that any trick, artifice, drug or device of any character was employed to conceal the 1. existence of the alleged disease or defect, and that it fails to charge any public offense, for the reason

that it does not show any affirmative act by which appellants concealed the existence of the alleged disease or defect. It is held in the case of *Boyer* v. *State* (1908), 169 Ind. 691, that the statute defines two offenses, viz.: Offering to sell a diseased animal, knowing it to be so, without disclosing that fact to one who does not know it, and employing any trick, drug or artifice by which a sale is effected. The indictment in the case at bar is identical with the indictment in the case just cited, where it was held that while it is not necessary under the first defined offense to charge that a sale was effected, that part of the indictment was surplusage, for the reason that a sale effected necessarily included, under the first offense described, an offer to sell, and the indictment was upheld. The case governs here.

The question of strict construction raised here was also determined in that case against the contention of appellants.

No question is presented upon the motion for a new trial, for the reason that the motion with causes was not filed within thirty days from the return of the verdict, as required by §2158, subd. 9, Burns 1908, Acts 1905 p. 584, §282. Appellants urge that the point is waived, for the reason that the Attorney-General in his first brief did not point out the state of the record, and raised the question by a brief filed fifteen days later, under the heading "Additional Authorities of Appellee." Public administrative or ministerial officers are not authorized to waive public rights. Throop, Public Officers §§21, 551.

At common law there was no right to file a motion for a new trial, and as it is a right conferred by the statute, one who would avail himself of the right must bring himself within it. The trial court could not waive the State's right by permitting the motion to be filed after the thirty days, and hence the motion was unauthorized, and no question was presented under it for determination by the trial court, and none is here presented. *Keefer* v. *State* (1910), 174

Ind. 588; *Ward* v. *State* (1909), 171 Ind. 565; *Quinn* v. *State* (1890), 123 Ind. 59.

Nothing remains but to affirm the judgment. Judgment affirmed.