WEBSTER *v*. STATE OF INDIANA.

[No. 26,491. Filed December 19, 1935.]

*A. W. Kops, R. E. Noelker, James C. Holder* and *Scott Thompson*, for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

HUGHES, J.—The State of Indiana, appellee, by Phillip Lutz, Jr., Attorney-General, files petition and motion to dismiss appellant's appeal upon two grounds as follows:

(1) That the motion for a new trial was not filed within the time prescribed by the statutes.

(2) The transcript in the case was not filed in the Supreme Court within the time allowed therefor after the appeal was taken.

The record shows that the transcript was filed in time and the Attorney-General was clearly in error as to this assignment.

The record shows that the verdict was returned on March 21, 1934, and that the motion for a new trial was filed April 21, 1934. The statute, section ▇ 9-1903, Burns 1933, §2310, Baldwin's 1934, provides that the motion for a new trial must be filed within thirty days from the date of the verdict or finding. In the computation of the time the day of the return of the verdict is not counted, but the last day is included. Section 2-4704, Burns 1933, §1211, Baldwin's 1934. It is seen that more than thirty days expired from the time of the return of the verdict and therefore the motion for a new trial was not filed within the time prescribed by the statute and no question, therefore, is presented upon the action of the court in overruling the same. The only assignment of the appellant is that the court erred in overruling appellant's motion for a new trial. *McCutcheon* v. *State* (1911), 176 Ind. 13, 93 N. E. 545; *Keefer* v. *State* (1910), 174 Ind. 588, 92 N. E. 656.

The attorneys for the appellant strenuously and ably insist that this court should disregard the time limit as prescribed by the statute in filing a motion for a new trial and consider the appeal on its merits. At common law there was no right to file a motion for a new trial, and, as it is a right conferred by statute, one who would avail himself of the right must bring himself within it. As said in the case of *Ward* v. *State* (1908), 171 Ind. 565, 86 N. E. 994:

"In most, if not all, enlightened states, a desire to secure the fullest justice attainable has prompted provisions for a new trial when substantial and prejudicial error in the former trial has been seasonably shown by the defendant. The interests of the accused and the welfare of the State demand promptness in the hearing and final disposition of criminal charges. Such cases must, at some time, effectually and finally be terminated in the courts, and thereafter remain at rest. The statute before

quoted authorizes new trials for specified causes, provided the application therefor be made in writing within the prescribed time. The legislature manifestly regarded thirty days from the return of the verdict as reasonable and ample time for the preparation and filing of the motion."

If this court can entertain an appeal where the motion for a new trial has been filed one day late it can likewise entertain one where it has been filed any greater number of days. Such a procedure can not be had in the face of the statute.

It may be that the appellant, as he says, has a very meritorious appeal, but under the state of the record this court can not grant him relief; the relief, if any, must come from the Executive Department of the State.

Appeal dismissed.