BLANTON *v.* STATE OF INDIANA.

[No. 29,224. Filed February 23, 1955.]

*Cause dismissed.*

*Chester Blanton, pro se.*

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellee.

BOBBITT, J.—This is an appeal from an order of the Marion County Criminal Court denying appellant's petition to file a "Proper Motion for a New Trial" after the statutory period for filing had run.

The denying of such petition is the sole error assigned.

A review of appellant's prosecution from its inception, as shown by the records of this court, will assist in a better understanding of the nature of the relief which he seeks.

On April 21, 1952 appellant was charged by affidavit with the crime of robbery, and on May 3, 1952 a second count charging robbery while armed was filed. His trial was commenced on October 15, 1952, he was found guilty on Count 2, and on October 17th was sentenced and four days later taken to the Indiana State Prison.

Within the time prescribed by statute appellant filed a motion for a new trial *pro se.* This motion was overruled, and on January 7, 1953 appellant filed in the Marion Criminal Court a verified petition for permission to prosecute an appeal in *forma pauperis* and for an order requiring the clerk to furnish the transcript. This petition was granted and the clerk of the court ordered to prepare a transcript of the record for appeal.

On petition of appellant, *pro se,* this court, on February 14, 1953, extended the time within which to file the transcript to May 16, 1953. On March 30, 1953 appellant filed a request for the appointment of counsel to prosecute his appeal and subsequently the Hon. Edward C. Brennan, a member of the Indianapolis Bar, was appointed by the trial court to prepare and prosecute the appeal.

On May 15, 1953 we again extended the time for filing the transcript to and including June 30, 1953 and it was filed on that date. The case was duly briefed and was decided by this court on October 27, 1953. *Blanton* v. *State* (1953), 233 Ind. 52, 115 N. E. 2d 122. Rehearing denied, with opinion, 116 N. E. 2d 631.

The Hon. Obed T. Kilgore, a member of the Indianapolis Bar, appeared as co-counsel for appellant both on the briefs in the appeal and on the petition for rehearing.

It thus appears by the record of this court, of which we take judicial notice,[1] that appellant has had all the remedy the law gives him by way of appeal.

The judgment of the trial court must be affirmed for two reasons.

*First:* The right to file a motion for a new trial

1. *In re Harrison* (1953), 231 Ind. 667, 109 N. E. 2d 722.

is conferred by statute. *Webster* v. *State* (1935), 209 Ind. 274, 275, 198 N. E. 781. There is no statutory provision for the filing of a supplemental or subsequent motion after the period of time allowed by statute,[2] *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307; nor does any such right exist at common law, *Webster* v. *State, supra.*

Since appellant's petition was for the granting of the right to file a subsequent (second) motion for a new trial and there is no statutory provision for such proceeding, the Marion Circuit Court was without jurisdiction to grant the remedy sought.

*Second:* The state contends that the Marion Circuit Court was without jurisdiction of the proceedings for the further reason that no notice was given the attorney general as required by Acts 1947, ch. 196, §1, p. 638, being §49-1937, Burns' 1951 Replacement.

The proceeding here is unknown to the law of practice and procedure in Indiana and even if we were to treat appellant's petition herein as a petition for writ of error *coram nobis*, which we cannot do for reasons apparent on the face of the petition, it could not be sustained because of the failure to give proper notice to the attorney general.

The law is well settled in Indiana that no action is commenced in *coram nobis* proceedings until the attorney general has been served with notice in compliance with the provisions of §49-1937, *supra. State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 128, 73 N. E. 2d 53; *State ex rel. Minton* v. *Parke Cir. Ct.* (1948), 226 Ind. 55, 57, 77 N. E. 2d 749; *State* v. *Marshall* (1952), 230 Ind. 512, 514, 104 N. E. 2d 926; *State ex*

---

2. Acts 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1942 Replacement.

*rel. Ketchum* v. *Marshall* (1952), 231 Ind. 70, 73, 106 N. E. 2d 796.

There is nothing in the record to show that a copy of appellant's petition was served upon the attorney general of Indiana as required by §49-1937, *supra*.

Appellant contends that the leaving of a copy of the petition with the deputy clerk of the court with instructions to deliver such copy to the prosecuting attorney was sufficient to comply with the statutory requirements for service. He relies upon *Fishback* v. *Public Service Comm.* (1923), 193 Ind. 282, 138 N. E. 346, 139 N. E. 449, to support this contention. The facts in that case, as well as in the authorities cited therein, are so materially different from the situation here before us that it has no application in the case at bar and lends no support to appellant's position.

A deputy clerk could not be made the agent for either the appellant or the prosecuting attorney, for the service of notice as provided by the statute (§49-1937, *supra*), and if a copy of appellant's petition were left with the deputy clerk for delivery to the prosecuting attorney such act could not be considered as service either upon the prosecuting attorney or the attorney general. Cf: *The Western Union Telegraph Co.* v. *Griffin* (1891), 1 Ind. App. 46, 53, 27 N. E. 113.

Appellant states in his reply brief that since he is acting as his own attorney in the matter now before us he does not have access to an adequate law library, thus legal authority on procedural matters are beyond his reach.

A statement by Gilkison, J., in *Blanton* v. *State* (1951), 229 Ind. 701, 703, 98 N. E. 2d 186, in which the appellant in the case now before us also acted as his own attorney, is again pertinent.

"It is not the duty of this court to advise a litigant in advance as to what is essential or nonessential to be in a record on appeal. It is enough to say that any appellant needs the service of a competent attorney to prepare and present his appeal. There are many cases and many rules of court on this subject. It is no exaggeration to say that a layman who elects to act as his own attorney accepts a great burden. When such layman acts under the disability of imprisonment the burden is even greater. But, of course, he has a right to accept the hazard if he so wills.

"If a defendant is without means, friends or credit to secure funds to employ an attorney, the trial court is charged with the duty to provide a competent attorney for him at public expense to prepare and try his case and to advise and act for him at every stage of the proceedings. In certain situations defined by statute it is the state Public Defender's duty to represent a defendant on appeal. Sec. 13-1402, Burns' 1942 Replacement (1949 Supp.). But of course, a defendant may represent himself if he so desires. In such situation he must accept the burden and hazards incident to his position."

We believe the matter here is one in which the attorney general should have been served with notice, and since there is no showing that notice was served as required by §49-1937, *supra,* no action was commenced in the Marion Criminal Court and for the reasons above stated there is nothing before us for consideration. This cause must, therefore, be dismissed.

Cause dismissed.

Gilkison, C. J., Achor, Emmert and Levine, JJ., concur.

NOTE.—Reported in 124 N. E. 2d 382.