## GROOVER v. STATE OF INDIANA.

[No. 29,681. Filed February 19, 1959. Rehearing
denied March 16, 1959.]

272

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was indicted with the crime of First Degree Murder, for which he was convicted and sentenced to death. He was defended by an attorney of his own choice. The verdict was returned on January 29, 1958. On January 30 he discharged his attorney. On January 31 Ferdinand Samper, who now prosecutes this appeal, entered his appearance for appellant. On February 25, 1958 appellant, by said attorney, filed a motion for enlargement of time in which to file his motion for new trial. The court sustained the motion and extended the time for filing such motion to and including March 31, 1958. The motion for new trial was filed on March 18, 1958. This was 16 days after the 30-day period provided by statute.[1] The motion was denied on April 24, 1958.

At the outset we are confronted by the fact that the

___

1. §9-1903, Burns' 1956 Repl. [Acts 1905, ch. 169, §282, p. 584.]

only error assigned as cause for appeal is the overruling of the motion for new trial. Therefore, we are required to consider and determine whether the motion for new trial was timely filed and thereby reserved the grounds therein asserted for review by this court.

The specific question presented is whether the trial court had jurisdiction to extend the time within which to file a motion for new trial. This court has not heretofore been called upon to determine this question. However, in the case of *Webster* v. *State* (1935), 209 Ind. 274, 275-276, 198 N. E. 781, this court considered the general law upon this subject as follows:

". . . the statute, section 9-1903, Burns' 1933, §2310, Baldwin's 1934, provides that the motion for a new trial must be filed within thirty days from the date of the verdict or finding. . . . The only assignment of the appellant is that the court erred in overruling appellant's motion for a new trial. *McCutcheon* v. *State* (1911), 176 Ind. 13, 93 N. E. 545; *Keefer* v. *State* (1910), 174 Ind. 588, 92 N. E. 656.

"The attorneys for the appellant strenuously and ably insist that this court should disregard the time limit as prescribed by the statute in filing a motion for a new trial and consider the appeal on its merits. At common law there was no right to file a motion for a new trial, and, as it is a right conferred by statute, one who would avail himself of the right must bring himself within it. As said in the case of *Ward* v. *State* (1908), 171 Ind. 565, 86 N. E. 994:

'In most, if not all, enlightened states, a desire to secure the fullest justice attainable has prompted provisions for a new trial when substantial and prejudicial error in the former trial has been seasonably shown by the defendant. The interests of the accused and the welfare of the State demand promptness in the hearing and final disposition of criminal charges. Such cases must, at some time, effectually and finally be ter-

minated in the courts, and thereafter remain at rest. The statute before quoted authorizes new trials for specified causes, provided the application therefor be made in writing within the prescribed time. The legislature manifestly regarded thirty days from the return of the verdict as reasonable and ample time for the preparation and filing of the motion.'

"If this court can entertain an appeal where the motion for new trial has been filed one day late it can likewise entertain one where it has been filed any greater number of days. Such a procedure can not be had in the face of the statute." See also *City of Muncie et al.* v. *State ex rel. Walling* (1937), 212 Ind. 70, 75-76, 6 N. E. 2d 932.

In support of the action of the trial court, it is argued that the power of the trial court over its records during term was inherent to such courts under the common law. This power included the right to set aside its judgment and to grant new trials. Therefore, it is further argued that as an incident to the exercise of this inherent power the courts have the right to grant extensions of time in aid of the exercise of their power to grant new trials.

However, this conclusion does not necessarily follow. Although the court has jurisdiction to set aside its judgments, and to grant new trials during term time, it does not follow that it may alter the specific provisions of the statute prescribing the procedure which must be followed in the prosecution of appeals.

Upon this issue the law is well settled that although the right of appeal may not be denied, the legislature and this court may establish rules and regulations which control the prosecution of appeals, so long as such rules and regulations do not deny to an accused, rights which are constitutionally

guaranteed,[2] and, in considering the effect of such regulations, we have held that where by rule or statute specific action on appeal is required to be taken within a specified time, strict compliance of this requirement is jurisdictional. Thus it has been held that the timely filing of an appeal[3] or a petition for rehearing after appeal[4] is jurisdictional. By the same logic it follows that if an appeal is to be grounded upon a motion for new trial, then the timely filing of such motion is jurisdictional,[5] unless requirement of such compliance would constitute a denial of due process, as under circumstances where the delay is occasioned by reason of excusable mistake,[6] fraud on the court, or where timely compliance is made impossible by reason of the action or inaction of the state.[7]

Clearly there were no such grounds for enlargement of time for the filing of a motion for new trial in this case. Here counsel entered his appearance within two days after the verdict. However, his motion for enlargement of time was not filed until 25 days thereafter. What happened in the interim? In substance the

2. See *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

3. See Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §§2471-2474, pp. 193-200.

4. *Dudgeon* v. *Bronson* (1902), 159 Ind. 562, 566, 64 N. E. 910, 65 N. E. 752, 95 Am. St. Rep. 315; *Parker et al.* v. *The State ex rel. Powell* (1892), 133 Ind. 178, 216-221, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567; *Armstrong et al.* v. *Harshman* (1883), 93 Ind. 216, 219; *Hutts* v. *Bowers et al.* (1881), 77 Ind. 211, 213.

5. See Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §1817, p. 393, and §2474, Comment 6, p. 200, *supra.*

6. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2475, Comment 2, p. 200.

7. *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661; *Morthland* v. *Lincoln National Life Insurance Co.* (1942), 220 Ind. 692, 42 N. E. 2d 41, 46 N. E. 2d 203; *Dowd* v. *United States* (1951), 340 U. S. 206, 71 S. Ct. 262, 95 L. Ed. 215, 19 A. L. R. 2d 784.

grounds asserted in the motion for enlargement of time are that after entering his appearance appellant's attorney was out of the country for more than two weeks and that upon his return appellant had been removed from Indianapolis to the State Prison at Michigan City, and that "by reason of the aforementioned reasons," counsel could not "intelligently prepare a motion for new trial without first having at his disposal complete transcript of the proceedings."

The motion does not assert the fact of excusable mistake or any fraud on the court or that any action or inaction by the state prevented appellant from filing his motion for new trial within the time prescribed by statute. Therefore, the motion did not provide jurisdictional facts upon which to sustain an extension of time for filing of the motion after the time expressly fixed by statute. *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769.

However, appellant asserts that in view of the fact that the state did not object to the granting of an enlargement of time for the filing of the motion, it must be considered that the state had waived the right to insist upon strict compliance with the statute. The contention is not tenable. The trial court could not at the request of the appellant waive the jurisdictional requirements to which the court is specifically bound by statute. Neither did the state by mere inaction, where it was under no duty to act, create a situation which required an extension of time in order to guarantee to appellant his constitutional right of due process in his appeal.

Here the only error assigned is the overruling of the motion for new trial. The motion was not filed within

the time provided by statute nor under circumstances which required an extension of time for that purpose. Therefore the motion is not properly in the record for consideration. For this reason the appeal presents no issue.

However, appellant urges that because of the severity of the penalty here imposed, and because of the fact that incompetency of counsel was assigned as grounds for appeal, we should consider the motion for new trial as writ of error *coram nobis*. The proceeding was not filed with the trial court either in the form or manner as required in error *coram nobis*.[8] Neither was the proceeding tried, nor was an appeal taken as required in such proceeding. Therefore, this contention is without merit.

However, because of the extreme gravity of the case which involves a capital offense with the death penalty imposed, we have examined the record and considered the errors urged by appellant's counsel in his motion for new trial. See *Haley* v. *State* (1956), 235 Ind. 333, 133 N. E. 2d 565, and *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769. We do not, however, consider the case upon its merits, but have reviewed the errors charged only to assure ourselves that there has not been a violent miscarriage of justice.

It is true that one of the jurors was asked on *voir dire*

---

8. Action by way of coram nobis must be accompanied by proper notice to the state. This may be served on the prosecuting attorney of the circuit in which the judgment was rendered, and notice must also be given to the attorney general. *State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53; *State ex rel. Hunter* v. *Murray* (1950), 228 Ind. 93, 89 N. E. 2d 539; *Blaton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382; *State ex rel. Powers* v. *Vigo Circuit Court* (1957), 236 Ind. 408, 140 N. E. 2d 497.

about former jury service or being in court for any "purpose." The question could reasonably have been construed to mean any *like* purpose. The juror answered the question in the negative. It developed that she had, on a previous occasion, been a spectator in a court room. We cannot say that the juror did not truthfully answer the question as she understood it, and that she was guilty of misconduct, which would be cause for reversal. No attempt was made to prove that the appellant was in fact prejudiced by the answer, if false, nor was the subject matter of the question one regarding which prejudice is implied by law. We find no reversible error on this point.

We find no error in the instructions. They could have ben more complete, however the jury was properly instructed upon all necessary matters by the instructions given.

We find no misconduct on the part of the prosecuting attorney, as contended. Neither can we say on the basis of the record before us that the verdict of the juror Nash "was not the free expression of her opinion as to the death penalty." Her affidavit may not be considered to impeach her own verdict.[9] The facts therein stated are not supported by any competent evidence. Therefore we are bound to accept her affirmative answer, when polled on return of the verdict, that this was her verdict.

Furthermore, appellant asserts as error the fact that on several occasions appellant's counsel failed to object to testimony which could have been excluded. However, this evidence consisted primarily of voluntary state-

9. *Posey, Michael* v. *State* (1956), 234 Ind. 696, 701, 131 N. E. 2d 145, 54 A. L. R. 2d 706; *Meno* v. *State* (1925), 197 Ind. 16, 26, 164 N. E. 93; *Oster* v. *Broe* (1902), 161 Ind. 113, 123, 64 N. E. 918.

ments made by witnesses concerning matters which were already in evidence but were hearsay to the particular witness, or matters which were merely immaterial to the case. Under such circumstances an attorney might conclude that his client's cause would be served better by admitting the testimony than by objecting thereto and thus making it appear that he was trying to withhold evidence from the jury.

Appellant has argued the incompetency of counsel at great length.[10] It is true that counsel did not interrogate the jurors on *voir dire*, examine the witnesses, from the instructions or argue the case to the jury with great astuteness or powerful persuasiveness. However, counsel who was of appellant's choosing was confronted with a most difficult case. His client armed with a revolver waited for and encountered his estranged wife as she came from church. He shot her in the back as she again sought refuge within the church from which she had just emerged. The offense was witnessed by many people who were also leaving the church. Under the circumstances counsel did not attempt to deny the heinous character of the offense, but instead asserted temporary insanity and sudden heat of passion in defense of his client. The jury did not accept the plea of insanity but concluded that the killing was with premeditation. Other counsel might have tried the case with different strategy and greater skill, but we cannot say that the consequences would have been different.

There is nothing in the record which indicates that the jury, as chosen, was prejudiced against the appellant. Nor can we say that appellant's case was preju-

10. See *Carraway* v. *State* (1956), 236 Ind. 45, 138 N. E. 2d 299.

diced by the admission of evidence which could have been excluded. The jury was instructed upon all fundamental aspects of the law. And counsel's final argument, although not an oratorical masterpiece, was presented in a sincere manner. In it counsel urged that under the law and the evidence appellant should be discharged because of his temporary insanity, or, if found guilty, his guilt should be limited to one of the lesser included offenses within the crime charged.

Under the record before us we cannot say that, by reason of incompetency of counsel or any of the other errors asserted by appellant, there was a miscarriage of justice. Therefore, because of the fact that appellant's motion for new trial was filed too late and for that reason no question was presented, judgment is affirmed.

Judgment affirmed.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 156 N. E. 2d 307.