STATE EX REL. WADSWORTH *v.* MEAD

[No. 28,289. Filed May 23, 1947.]

*Floyd E. Wadsworth,* Prosecuting Attorney, of North Vernon, and *Noble Hays,* of Scottsburg, for relator.

Walter G. Meade, *pro se,* for respondent.

GILKISON, C. J.—This is an original action for prohibition. In this verified petition relator, as prosecuting attorney of the sixth judicial circuit, avers that one Nichols was charged in the Scott Circuit Court with the crime of grand larceny, in a case entitled *"State of Indiana* v. *Ann Noble, Harlan Nichols, No. 3339,"* to which charge he entered a plea of guilty on May 20, 1946, and was sentenced by the court to the Indiana State Prison for not less than one nor more than ten years, which sentence was then suspended during good behavior. On the next day the suspension of sentence was by the court revoked because of the bad behavior of the defendant in the interim, and the defendant was required to serve the sentence. The defendant filed his petition for writ of error *coram nobis* with the clerk of said court in vacation on July 17, 1946, and with it a verified motion for change of venue from the judge. That no notice of the filing of said petition for writ of error *coram nobis* or the motion for change of venue from the judge was ever served on the prosecuting attorney of the circuit or on the State of Indiana, or any officer representing

it and no steps were ever taken to bring the State of Indiana into court, and neither the State of Indiana nor its prosecuting attorney has ever appeared in said matter, or waived notice therein. That no appointment of the respondent, or his oath as special judge has been filed in the Scott Circuit Court and entered in the order book of the court.

That on December 20, 1946, respondent, assuming to act as special judge in said matter, ordered a hearing on said *coram nobis* petition for March 12, 1947, and made an order for the return of the defendant from the prison to the Scott County jail on March 7, 1947, all without notice to, appearance by, or waiver by the state or its prosecuting attorney.

It is averred that the regular judge of the circuit before whom the defendant, Nichols, entered his plea of guilty, and who sentenced the defendant is available, competent and ready to try the *coram nobis* proceeding.

It is further averred that the defendant, Nichols, filed an original action in this court, and caused a peremptory writ of mandate to issue on November 1, 1946, commanding the regular judge to set defendant's petition for writ of error *coram nobis* for trial and hear the same.

Relator has filed with and made a part of his verified petition certified copies of the following pleadings filed and records made in said cause in the Scott Circuit Court: Defendant Nichols' petition for writ of error *coram nobis;* his affidavit for change of venue from the judge; an order made in the criminal court of Scott County by respondent; the affidavit against the defendant and his co-defendant, Ann Noble, in the Scott Circuit Court; record showing plea of guilty and sentence of said Ann Noble; record showing plea of guilty of defendant Nichols and sentence, and suspension thereof;

record showing revocation of the suspension of sentence; record showing setting of *coram nobis* proceeding for March 12, 1947, by respondent, and for return of defendant Nichols from the state prison to the Scott County jail; motion of defendant Nichols for his return to the Scott County jail; judgment of this court mandating the regular judge of the Scott Circuit Court to set defendant Nichols' *coram nobis* case for trial and to try the same. No other proof has been offered.

Among other things the prayer is that the respondent be prohibited from proceeding further as special judge in said *coram nobis* matter.

The response in substance is, that respondent was selected as special judge in said matter in November, 1946, from a list of three submitted by the clerk of the Supreme Court, following a change of venue from the regular judge. That he appeared, took the required oath and assumed jurisdiction in the matter about December 1, 1946. That the prosecuting attorney had knowledge of the proceedings and participated in the striking from the list of three provided by the clerk of the Supreme Court, and that he thereafter conferred with respondent concerning the matter. That on or about December 20, 1946 when respondent set said matter for hearing and made the order for defendant's return from the prison, the prosecuting attorney knew respondent was in court, but absented himself from court and from his office. That on said date respondent informed the prosecutor elect, of the date set for the trial.

Neither party has provided us with a brief. (Rule 2-37.)

The authority of the prosecuting attorney to be relator in this action is not questioned.

In this case the motion for change of venue was filed in vacation, but was not acted upon until term time. Our statute provides:

> "No change of venue shall be granted in vacation unless the opposite party has had ten (10) days' notice."

Section 2-1405, Burns' 1946 Replacement.

When a motion for change of venue is filed in vacation but not acted upon until term time, no notice to the opposite party of the filing of the motion is required. *Scherer* v. *Ingerman, Admr.* (1886), 110 Ind. 428, 441, 442, 11 N. E. 8, 12 N. E. 304. This must of necessity be on the theory that the opposite party is already in court, by reason of the timely service of summons or other proper notice upon him, fixing a time for his appearance to the action.

When the state institutes a criminal prosecution, it is in court in the action until it is finally disposed of. Final disposition is accomplished when the cause is reduced to judgment, and a motion for new trial, if filed, is overruled and no appeal is taken; or if no motion for new trial is filed, when the statutory period for filing the same has expired. Thereafter, the state is no longer in court in the case, except if the defendant desires to take further action by way of *coram nobis,* he may do so by filing a proper proceeding therefor, and causing proper notice to be given to the state. This notice may be served on the prosecuting attorney of the circuit in which the judgment was rendered. In addition to this notice Acts 1941, § 6, ch. 108, p. 295 [§ 49-1924, Burns' 1933 (Supp.)] provides among other things that the Attorney General shall:

> "(a) . . . when, in his judgment, the interest of the public requires it, . . . attend the trial of

any party accused of crime and assist in the prosecution; and

"(b) represent the State of Indiana in any matter involving the rights or interests of the State, including actions in the name of the State of Indiana, for which provision is not otherwise made by law."

And Acts 1945, ch. 3, § 1, p. 7. [§ 49-1937, Burns' 1933 (Supp.)] provides that in any suit in which the State of Indiana is a party defendant when the attorney general is required or authorized to appear or defend, or when the attorney general is entitled to be heard, a copy of the complaint, cross-complaint, petition, bill or pleading shall be served on the attorney general and such action, cross-action or proceeding shall not be deemed to be commenced as to the state until such service. Section 2 of this act provides how service on the attorney general may be made, and § 3 provides that the requirements of this act are in addition to the service of summons or process as provided by law.

There has been no attempt to serve the attorney general with a copy of the *coram nobis* petition.

The prosecuting attorney is not a party to the action, though it is his duty to prosecute the pleas of the state in the circuit courts of his circuit, § 49-2501, Burns' 1933, conduct all prosecutions for felonies or misdemeanors, etc., and perform all other duties required by law. §§ 49-2504, 49-2695, Burns' 1933. It is a duty of the prosecutor to defend the interests of the state when an action or petition *coram nobis* is brought in a criminal case. But he is not required to appear in the action until notice is given, as required by law. The prosecuting attorney can not waive service of the petition on the attorney general as provided by the statutes noted.

Therefore, the action of the regular judge in the matter of granting the motion for change of venue from the judge, and all action in the case thereafter, ■ including the appointment of respondent as special judge, and all his actions as such special judge, having been taken without notice to the attorney general as noted herein, are wholly null and void, and the respondent is without authority to act as special judge in the case.

It is, therefore, considered and adjudged that the respondent be and he is prohibited permanently from further acting as special judge in said matter and that all his actions as such special judge be expunged from the record in said cause.

NOTE.—Reported in 73 N. E. (2d) 53.