STATE EX REL. BUCHANAN *v.* GERDINK, SPECIAL JUDGE.

[No. 28,396½.   Filed December 12, 1947.]

*Elijah Buchanan, pro se.*

O'MALLEY, J.—The relator filed an original action in this court wherein he asserts that he has heretofore filed in the Vigo Circuit Court a petition to vacate a judgment of that court; that John W. Gerdink, the trial judge, assumed jurisdiction of the petition to vacate the judgment; that said petition to vacate was in proper form; that sufficient time has elapsed for action to be taken on the matter set forth in the petition to vacate and that said court has failed to take such action, thereby depriving this relator of due process of law.

In the petition to vacate, it is asserted that the relator pleaded guilty to a charge of forgery of a check,

because of promises by police officers that on a plea of guilty the court would grant a suspended sentence. The petition also sets forth that the check was fraudulent but not a forgery and that the police officers who advised him to plead guilty appeared before the court and objected to the suspension of sentence. However, we have nothing before us but the assertions of this relator. The court record of entries made at the time of the entry of judgment of conviction are not before us.

Under Supreme Court Rule 2-35, which relates to original actions of mandate and prohibition, this court has indicated that the petition for mandate should contain certified copies of pleadings, orders and entries pertaining to the subject matter. Here, we do not have the certified copies of the pleadings filed in the cause in the Vigo Circuit Court, nor do we have certified copies of any entries made by that court in the cause which forms the basis of this proceeding. We cannot receive the naked petition of a person who claims to be aggrieved and on that as a basis issue an extraordinary writ of mandate even in the alternative form.

The state is interested in actions of this character because there is involved the effective execution of sentences imposed for violation of some section of the criminal code.

. Under § 49-1937, Burns' 1933 (Supp.), as amended by the Acts 1947, ch. 196, p. 638, no action concerning the state or any board, bureau or officer shall be deemed to be commenced until notice thereof is given to the Attorney General of Indiana and a copy of the complaint or petition duly served upon him. *State* v. *Mead* (1947), *ante*, p. 123, 128, 73 N. E. (2d) 53, 55. The record is silent on that matter and certainly we must know whether or not such action was filed and duly com-

menced as well as to be informed of the claims therein made.

Since the pleadings filed and the entries made in the lower court in the cause that forms the basis of this action are not certified, and since there is no showing of service on the Attorney General of Indiana, we have nothing before us upon which we can base the issuance of a writ, and this cause is hereby dismissed.

NOTE.—Reported in 75 N. E. (2d) 899.