LAFLIN *v.* SCHANNEN, JUDGE

[No. 28,396.   Filed December 12, 1947.]

*William A. Laflin, pro se.*

O'MALLEY, J.—The relator asserts that he is entitled to a writ of mandate against William H. Schannen, as judge of the Circuit Court of Allen County. The claim is that the relator filed a "refile" petition in the Allen Circuit Court requesting permission to again place on file a petition which he had filed and which, after the court had made an announcement denying the relief sought, was dismissed by his attorneys.

From the relator's petition, and papers attached thereto, we understand that the relator was, on June 19, 1946, in the Allen Circuit Court, convicted of the crime of sodomy; that subsequent thereto he filed a showing wherein he requested a writ of error *coram nobis*; that his attorneys dismissed said petition to avoid the result of an adverse ruling by the court; that later he filed what he termed a refile petition; and that no action has been taken on said refile petition.

In the refile petition relator requested that the Allen Circuit Court permit him to refile his petition for a writ of error *coram nobis*. It contained allegations that the affidavit on which he was tried did not aver that the act complained of had been committed in Allen

County, Indiana; that petitioner was not capable of discerning such fault in the affidavit charging the crime; that he was innocent of the crime charged; and that he had a valid defense which his attorneys failed to make. What that defense was he has not set forth in any papers filed with this court.

On that showing the relator requests that we issue a writ of mandate against Judge William H. Schannen. No certified copies of pleadings, orders and entries have been filed. No showing of notice to the Attorney General of Indiana has been made, although we have held that such notice must be given in compliance with the statute. § 49-1937, Burns' 1933 (Supp.), as amended by the Acts of 1947, ch. 196, p. 638; *State ex rel. Wadsworth* v. *Mead* (1947), *ante,* p. 123, 73 N. E. (2d) 53, 55.

There is no need to request permission to refile a matter that has been dismissed. The relator could, without the approval of the court, again file the same or a similar petition by sending or delivering the same to the clerk of the court with proper endorsement and directions.

The writ of mandate should not be granted under the few facts disclosed by the record before us. If the relator has any legal right or claim to further hearing before the Allen Circuit Court which has been denied to him, he can secure the proper record and submit it in such form that this court may be properly advised in the matter. The State of Indiana employs a public defender at the expense of the taxpayers, whose duty requires him to give legal service to those inmates of our prisons who have a claim to redress and are unable to pay for such service, and his services and advice are available to this relator.

Because of the failure to cause notice to issue, and

because the facts averred are insufficient to inform us of the claimed controversy with the judge of the Allen Circuit Court, the petition of the relator is dismissed.

NOTE.—Reported in 75 N. E. (2d) 898.