STATE EX REL. HUNTER *v.* MURRAY, JUDGE, ET AL.

[No. 28,637. Filed January 13, 1950.]

*Leroy Hunter,* Petitioner, *pro se.*

YOUNG, J.—This is an original action in this court. By relator's verified petition herein, we are asked to mandate the respondent Judge to permit relator to file in the Lake County Criminal Court his verified peti-

tion asking that a judgment convicting him of murder in the second degree and sentencing him to prison for life be annulled, vacated and set aside. We are likewise asked by relator to be permitted to file this action in this court without prepayment of costs, and this we have allowed.

Relator has presented to us with his petition for mandate a copy of a petition which, apparently, is the petition which he would have us order respondent Judge to permit to be filed in the Lake County Criminal Court in the case in which he was convicted. In it he alleges that in 1937 he was indicted, tried, convicted and sentenced to serve a life term in the Indiana State prison for second degree murder; that he was not guilty but killed the deceased in self defense; that he had no lawyer and was tried without a jury and was not informed that he was entitled to a jury trial and hence he says he was denied due process of law. The petition which he asks us to mandate respondent Judge to permit to be filed obviously was prepared by someone unskilled in the law. It is woefully lacking both in form and substance, but we have made allowances and considered it carefully. If it is anything, it is in substance and effect a petition for a writ of error coram nobis and we have so treated it, notwithstanding its deficiencies.

By Chapter 189, Acts of 1947, page 625; § 9-3301 et seq., Burns' 1942 Replacement (1949 Supp.), the legislature has provided that no court shall have jurisdiction to entertain a proceeding for a writ of error coram nobis after five years have elapsed from the date of the judgment involved, unless petitioner shall have been prevented by the state or some officer or employee of the state from instituting such proceeding, or unless such petitioner shall have

been insane during such period. As we have stated, the judgment convicting and sentencing relator to the State prison, which he now seeks to have set aside, was rendered in 1937. Hence, more than five years have elapsed since such judgment was entered. There is no allegation that the petitioner herein was prevented by the state or any officer or employee of the state from instituting such proceeding within the statutory five-year period and there is no allegation that he was of unsound mind during that period of five years. Hence, under the statute, the respondent court was without jurisdiction to entertain the proceeding for a writ of error coram nobis and this court will not mandate the respondent to do a footless thing. *State ex rel.* v. *Killigrew* (1930), 202 Ind. 397, 401, 174 N. E. 808. That is what we would be doing if we ordered an inferior court to permit to be filed a petition which it is without jurisdiction to entertain. That is what we would be doing if we granted relator's petition for mandate in this case.

Our rules provide that petitions for writs of mandate be filed in triplicate and that if the relief sought relates to a proceeding in any inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter be set out in the petition or be made exhibits thereto (Rule 2-35). Relator filed but one copy of his petition and accompanying papers with us, and there is no pretense of filing certified copies of the papers filed or tendered by him in the Lake County Criminal Court or of the orders or entries made in said court pertaining to the subject matter before us. We have held that a petition lacking such certified copies does not state a cause of action. *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785, and cases cited.

We have held in a number of cases that § 1, Ch. 3 of the acts of 1945; § 49-1937, Burns' 1933 (1949 Supp.), requires that a copy of the petition for a writ of error coram nobis be served upon the Attorney General and that until such copy is served no action is commenced. *State ex rel. Buchanan* v. *Gerdink* (1947), 225 Ind. 473, 475, 75 N. E. 2d 899; *Laflin* v. *Schannen, Judge* (1947), 225 Ind. 470, 472, 75 N. E. 2d 898; *State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53; *Lester* v. *Grant, supra.* There is no showing in the proceeding before us that copies of any papers or proceedings in the Lake County Criminal Court, here involved, were served upon the Attorney General.

For the reasons herein stated relator's petition for mandate is denied.

NOTE.—Reported in 89 N. E. 2d 539.