FRANKLIN, JR. *v.* STATE OF INDIANA.

[No. 29,271. Filed May 27, 1955. Rehearing denied June 24, 1955.]

*Shelby Franklin, Jr., pro se,* and *Ferdinand Samper,* of Indianapolis, (on petition for rehearing), for appellant.

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Shelby Franklin, Jr., a resident of Wayne County, was apprehended in the state of Tennessee in March, 1954. He was brought back to Wayne County and there tried and convicted of vehicle taking following a jury trial on September 30, 1954.

He, *pro se,* has filed a transcript and an assignment of errors with purported "Appellant's Brief" in this appeal. The state has filed a motion to dismiss this appeal on the ground that the appellant has failed to comply with Rule 2-17 of the Rules of this court in the preparation of his brief.

An examination of "Appellant's Brief" leaves no doubt that the motion should be sustained. The brief is a rambling discussion of appellant's contentions which show nothing more than his lack of comprehension of the legal points involved. It is of no help to the court.

The court has, however, examined the transcript and it appears the defendant has had a fair trial.

The record shows he has had legal counsel at various times before, during the trial, and apparently in the preparation of the transcript filed. The record shows the trial court tendered and furnished the defendant with counsel during trial. The defendant, nevertheless, rejected this counsel, refused to cooperate with him and refused to permit any of his witnesses to testify in his defense although they were available. Counsel, however, cross-examined the state's witnesses.

The appellant complains of the shortness of time to prepare for trial. The record shows that he was notified by letter in July of the setting of the case for trial on September 29, 1954. The appellant on September 17, 1954 wrote the trial Judge that "any action you take in the above entitled cause will not be recognized in the trial . . . ."

If a party sees fit to appear *pro se* and attempts to represent himself before a court when he has ample opportunity to secure competent counsel and to receive legal advice, such person must take the consequences of his own deliberate acts.

Appeal dismissed.

Emmert, C. J., Bobbitt, Achor and Landis, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 768.