STATE EX REL. POWERS v. VIGO CIRCUIT COURT, CRISS, JUDGE; ADAMSON, SPECIAL JUDGE.

[No. 29,501.   Filed March 5, 1957.]

*T. Ernest Maholm,* of Indianapolis, for relator.

*Lloyd C. Adamson,* Special Judge, *pro se.*

ARTERBURN, J.—The relator has filed in this court a petition for a writ of mandate to compel the Honorable Lloyd C. Adamson as Special Judge to expunge a record in a proceeding for a writ of error *coram nobis* filed by the relator in the Vigo Circuit Court. The record referred to is as follows:

"MINUTES FOR DECEMBER 7, 1956.

"STATE OF INDIANA vs. JAMES POWERS

"No. 19463

"VIGO CIRCUIT COURT

"The Court having heard the arguments of T. Ernest Maholm, attorney for petitioner herein, and of the Prosecuting attorney for the 43rd Judicial Circuit on the 'Plea to the Jurisdiction' FILED by such Prosecuting Attorney and the Motion to strike such 'Plea to the jurisdiction' filed by petioner herein, and it being agreed by the parties in open Court that the only 'notice' SERVED upon the Prosecuting attorney of the 43rd Judicial Circuit was a copy of the petition herein, now rules as follows:

"1. The petition for writ of error coram nobis herein is in the nature of a civil action.

"2. Civil action is commenced only upon the issuance of summons and the placing of the same in the hands of the Sheriff for service.

"3. No summons was issued herein to the Prosecuting attorney for the 43rd Judicial Circuit.

"4. Under the decision of the Supreme Court of the State of Indiana in State ex rel. Wadsworth vs. Mead, 225 Ind. 123, 73 N. E. 2d 53, no proper notice has been served upon the state of Indiana.

"5. The action not having been properly commenced, the change of venue from the regular judge herein was improvident and the

Special Judge appointed has no jurisdiction of this matter and is without authority to act as special judge in this case.

"s/ Lloyd C. Adamson.
"s/ Special Judge."

The record filed by the relator shows that he pleaded guilty to forgery on June 10, 1954 in the Vigo Circuit Court, and was sentenced accordingly; that he filed a petition for a writ of error *coram nobis* in the same court on August 13, 1956. The record presented upon which we are asked to take action is defective in many particulars. The clerk of the trial court has certified only to the trial court's order book entries, and not to any of the papers or pleadings filed in the court. Attached to the petition are copies (uncertified) of what purports to be a petition for a writ of error *coram nobis*, two letters from the clerk, one concerning a change of venue from the judge, and two postal cards from the judges regarding the proceedings, and other miscellaneous papers. The clerk's certificate ends with the court entry of September 25, 1956, upon which date a plea to the jurisdiction of the court was filed by the prosecuting attorney. Thereafter, we must rely upon purported copies of the pleadings and informal letters and cards for any subsequent proceedings in the matter.

We do not wish to evade the consideration of matters on their merits in the interest of terminating litigation and the uncertainty in pending proceedings. ■ Were it not for the response filed by the Honorable Lloyd C. Adamson, Special Judge, admitting the essential facts connected with the petition of the relator, we would be compelled to dismiss the proceedings for failure to comply with this court's Rule 2-35 as amended January 2, 1956; however, we shall accept the response as admissions in the pleadings of the facts.

The Constitution created the office of prosecuting attorney, and the laws and customs of this state make it clear that he represents the state of Indiana in all criminal matters arising within his jurisdiction unless the law disqualifies him for some reason. Art. 7, §11, Indiana Constitution; 2 R. S. 1852, ch. 3, p. 385, being §§49-2501—49-2504 Burns' 1951 Replacement; Acts 1881 (Spec. Sess.) ch. 34, §2, p. 111, being §4-2302 Burns' 1946 Replacement; *State* v. *Sopher* (1901), 157 Ind. 360, 61 N. E. 785.

A statute also provides that the attorney general must be notified of all actions filed in which the state of Indiana is made a party, and in which he "is required or authorized to appear or defend." Acts 1947, ch. 196, §1, p. 638, being §49-1937, Burns' 1951 Replacement; Acts 1921, ch. 85, §2, p. 181, being §49-1902, Burns' 1951 Replacement.

The authority of the attorney general is dependent solely upon the statutes. He is required to appear in all criminal proceedings in the Supreme Court. We can find no statutes specifically requiring the attorney general to appear in proceedings in the trial court in opposition to a petition for a writ of error *coram nobis;* however, this court has held a number of times on the basis of §49-1937 and §49-1902, Burns' 1951 Replacement, that notice must be served upon the attorney general in such proceedings. *Blanton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382; (Cert. denied, 350 U. S. 850, 100 L. Ed. 756, 76 S. Ct. 90) ; *State ex rel. Williams* v. *Sup. Ct. of St. Joseph Co.* (1950), 228 Ind. 157, 94 N. E. 2d 591; *Laflin* v. *Schannen* (1947), 225 Ind. 470, 75 N. E. 2d 898; *State ex rel. Buchanan* v. *Gerdink* (1947), 225 Ind. 473, 75 N. E. 2d 899; *State ex rel. Sanders* v. *Reeves* (1950), 228 Ind. 293, 91 N. E. 2d 912.

In the case of *State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53, we held that notice should be served on the attorney general, and that it was proper to serve notice on the prosecuting attorney. Our position in that case was that the state of Indiana is a party in proceedings for a writ of error *coram nobis* since such proceedings involve the setting aside of a judgment of a trial court in criminal proceedings. It is reasonable and prudent therefore that the prosecuting attorney who represented the state in such criminal proceedings where the judgment is being attacked, should be notified and have the opportunity to appear. It was his office which had the duty and responsibility in connection with the original trial and sentencing. We stated in that case it was the duty of the prosecutor to defend the interest of the state in the trial court when an action for a writ of error *coram nobis* is filed in his jurisdiction, and the duty of the attorney general to follow it to the Supreme Court.

Although the language in the *Wadsworth* case is somewhat equivocal as to the notice going to the prosecuting attorney, we feel it is a reasonable mandatory requirement because of the nature of the proceedings. We are directed to no requirement in the statute, however, providing for the service of summons on the prosecuting attorney. We have been unable to discover any such requirement. Acts 1947, ch. 189, p. 625, being §§9-3302—9-3307, Burns' 1956 Replacement.

What court record there is in this case shows that notice was given to the prosecuting attorney, and that an acknowledgment of such service was filed along with that of the attorney general. The sole contention made here by the respondent is that a *summons* was not issued and served upon the prosecuting attorney.

We hold, however, that the issuance of a summons is not necessary in instituting proceedings for a writ

of error *coram nobis*, and that a notice of the
same kind as that required to be served on the
attorney general should be served upon the
prosecuting attorney of the judicial circuit in which
the petition is filed. Service of such notices on both the
prosecuting attorney and the attorney general is suffi-
cient without the issuance and service of a summons.

The alternative writ issued herein runs not only
against the Honorable Lloyd C. Adamson, Special Judge,
but also against the Honorable Herbert R. Criss, sole
judge of the Vigo Circuit Court, requiring the latter to
assume jurisdiction in this cause, and to proceed in
the selection of a special judge under the rules of this
court to replace the Honorable Lloyd C. Adamson on
the theory that the Special Judge has disqualified him-
self as such Special Judge. We find no basis for such
action, or for a holding that the Special Judge has dis-
qualified himself because he has sustained a motion
based on the lack of jurisdiction.

The writ herein requested also provided for the ex-
punging of the record of December 7, 1956. We do not
favor the too frequent request to expunge a
record. In our opinion the expunging of a record
is in most cases an unnecessary act when we
reverse or set aside a ruling or judgment exhibited by
a record. Such record then becomes ineffective. In
spreading of record the opinion of this court, it will
speak for itself and thereby nullify the record asked
to be expunged to the extent necessary to provide the
relief justified under this opinion.

The alternative writ is therefore modified by elim-
inating therefrom any order against the Honorable
Herbert R. Criss, Judge of the Vigo Circuit Court. The
Honorable Lloyd C. Adamson is directed to assume
jurisdiction of Cause No. 19462, State vs. James
Powers, pending in the Vigo Circuit Court, and he is

# 415

further directed to deny the plea to the jurisdiction of the court therein, and for further proceedings therein not inconsistent with this opinion.

The alternative writ is so modified and made absolute.

Achor, C. J., Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 497.