## POWERS *v.* STATE OF INDIANA.

[No. 29,555.   Filed October 8, 1957.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment rendered in a proceeding for a writ of error *coram nobis.* The appellant originally, upon a plea of guilty to forgery, was sentenced to a period of two to fourteen years in the state prison. This occurred on June 10, 1954. In August, 1956, the petition for a writ of error *coram nobis* was filed. These proceedings previously came before this court for consideration. As a result we issued a mandate directed to the trial court that a plea to the jurisdiction be overruled. *State ex rel. Powers* v. *Vigo Circuit Court* (1957), 236 Ind. 408, 140 N. E. 2d 497. Following the mandate a trial was had in the court below and the petition for writ of error *coram nobis* was denied. From that judgment an appeal has been taken to this court.

The assignment of errors in substance questions the sufficiency of the evidence and the ruling of the court upon the admission of certain evidence, including a "State's Exhibit B." Very little evidence is set forth in appellant's brief. "State's Exhibit B" is not set out therein, but we conclude from the comments in appellant's brief and the State's brief that this exhibit is an affidavit of the attorney who represented the appel-

lant in the criminal proceedings at the time he pleaded guilty.

Although the burden is upon the appellant to show the errors that are relied upon for reversal, the State (the appellant having failed to do so), has set forth in its brief the statement of the proceedings had upon the arraignment, plea and sentencing of the appellant (made under Rule 1-11) and also the affidavit of the appellant's attorney representing him at the time. The substance of appellant's contention is that he "was induced to permit said plea of guilty to be entered upon the advice and persuasion of his Court appointed Counsel" and that he was of unsound mind at the time he entered his plea of guilty.

The transcript of the record made at the time of the arraignment shows that the appellant was fully informed of his constitutional rights and that he was represented by an attorney. It further shows that after he tendered his plea of guilty, he was told by the court to think it over and after eight days he was again brought into court and in the presence of his attorney was again given the opportunity to change his plea if he so desired. He still stated at the time that he wished to plead guilty. The affidavit of his attorney as well as the record made at the time of his arraignment show that he was in no way urged, persuaded or induced to plead guilty at the time. There is no evidence presented in appellant's brief showing that he was a person of unsound mind at the time he entered his plea. Appellant's reply brief does refer to the court's questioning of the appellant during arraignment about the "use of dope." The appellant's answer was that he had been in jail some time and had not been using dope; that he knew what he was doing in asking to change his plea of not guilty to guilty.

We do not have all the evidence before the trial court, but the evidence such as is revealed to us is sufficient to support the judgment of the trial court and there is no showing that it was contrary to law.

The judgment of the trial court is affirmed.

Emmert, Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 169.