## ETHERIDGE *v.* STATE OF INDIANA.

[No. 29,811. Filed March 1, 1960. Rehearing denied April 13, 1960.]

*Cecil C. Tague, Sr., Roger H. Smith,* both of Brookville, *Charles V. Livengood* and *Robert L. Reinke,* both of Richmond, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, and *Paul B. Frazier,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment of the Wayne Circuit Court denying the petition of the appellant, Clarence Robert Etheridge, for a writ of error coram nobis. The appellant was originally tried in the Wayne Circuit Court on December 29, 1947 and was convicted of the offense of second-degree murder. At the conclusion of that trial a motion for a new trial was filed, alleging among other things, that the pauper attorney appointed by the court to represent the appellant was incompetent and that there was not sufficient time to prepare for a defense in the case before trial. The motion for new trial was overruled. No appeal was taken from the judgment rendered.

On February 1, 1954 appellant filed a petition for a writ of error coram nobis in the Wayne Circuit Court. He alleged in substance that the court-appointed attorney in his original trial was incompetent and that there was insufficient time to prepare for his defense and that he was denied his constitutional rights. An answer was filed by the prosecuting attorney stating in substance that the defendant fully understood the nature of the charge against him and was so informed; that counsel furnished him was fully competent and a mem-

ber of the Bar of the State of Indiana; that however, the defendant refused to consult with and advise with his counsel, although he had ample time to do so prior to the trial; that the defendant refused to discuss and consult with his counsel, although counsel was present during the entire trial. The trial court denied the petition for writ of error coram nobis and no appeal was taken therefrom.

Thereafter again, on August 15, 1958, the appellant filed his "amended verified petition for writ of error coram nobis." Again the appellant alleged in substance that counsel appointed to represent him in his original trial was incompetent and that he did not have sufficient time to consult with attorneys and was denied his constitutional rights. Appellant also alleged that he was mentally ill, "confused and unable to think clearly or reason logically" at the time of the trial and did not fully comprehend what was going on in court. The State filed an answer to the foregoing petition. After denying certain material allegations, a second paragraph of answer alleged that all matters raised in the amended verified petition for writ of error coram nobis had been previously fully and completely adjudicated by the court. The answer further specifically denied that the appellant was insane at the time of the original trial. We have before us an appeal from the second petition for writ of error coram nobis by the appellant.

All litigation must come to an end at some time. Where a trial has been had, as in this case, and a motion for a new trial filed which has been overruled and no appeal taken from the judgment, all matters of record which were adjudicated or could have been adjudicated within the issues (including a defense of insanity which might have been raised) are finally determined and all parties bound thereby. Prin-

ciples of res judicata do not permit the repeated litigation of matters settled by a final judgment. 50 C. J. S., Judgments, §682, p. 128; 17 I. L. E., Judgment, §380, p. 416; 9 Ind. L. J., 187; *Pelfree* v. *State* (1957), 237 Ind. 302, 145 N. E. 2d 295.

This principle applies alike to criminal as well as to civil proceedings. 50 C. J. S., Judgments, §745a, p. 267; 17 I. L. E., Judgment, §373, p. 409; *United States* v. *Kaadt*, 171 F. 2d 600 (7th Cir. 1948); *United States* v. *DeAngelo*, 138 F. 2d 466 (3d Cir. 1943).

It follows that a petition for a writ of error coram nobis cannot be utilized to have a reconsideration of matters in issue and determined in a final judgment. *Swain* v. *State* (1939), 215 Ind. 259, 18 N. E. 2d 921; *Fluty* v. *State* (1947), 224 Ind. 652, 71 N. E. 2d 565; *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. 2d 601; *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. 2d 860, 161 A. L. R. 532.

The issue of rejection of counsel furnished a defendant and his refusal to cooperate with such counsel and whether a defendant as a result has been given a fair trial, has been before this court previously. In such a case the defendant must take the consequences of his own acts. *Franklin, Jr.* v. *State* (1955), 234 Ind. 418, 126 N. E. 2d 768.

The issue of the incompetency of counsel and the insufficiency of time to prepare for trial were raised in the motion for a new trial and determined adversely to the appellant in the original criminal action. If appellant was aggrieved, he had the opportunity to appeal from such original judgment. This he failed to do. A writ of error coram nobis cannot be substituted for an appeal from an alleged error

in the ruling of the court properly raised in a motion for a new trial. Such errors may only be brought before this court by way of appeal. *Sanders* v. *The State* (1882), 85 Ind. 318, 44 Am. Rep. 29; *Quinn* v. *State* (1935), 209 Ind. 316, 198 N. E. 70; *Stephenson* v. *State* (1932), 205 Ind. 194, 186 N. E. 293.

Additionally we point out that petitioner fails to show why the alleged insanity at the time of the first trial could not have been presented or put at issue in the first petition for writ of error coram nobis.

The trial court has heard two petitions for writs of error coram nobis on their merits. In reality, the trial court in this appeal had no jurisdiction to entertain the second petition for writ of error coram nobis. The statute on the subject provides:

"No court shall have jurisdiction to entertain any proceeding for writ of error coram nobis in which the defendant alleges matters or issues which have been or might have been adjudicated in a prior proceeding for writ of error coram nobis brought by the defendant, and a writ of prohibition shall issue to prevent any such court from so assuming jurisdiction." Acts 1947, ch. 189, §2, p. 625, being §9-3302, Burns' 1956 Repl.

The judgment of the trial court is affirmed.

Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 642.