### SPIRES *v.* STATE OF INDIANA.

[No. 30,183. Filed April 9, 1963. Rehearing
denied June 7, 1963.]

*Robert S. Baker,* Public Defender, and *Thomas A.
Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Van
Dorn,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from an action in error
coram nobis prosecuted by the public defender of the
State of Indiana.

Appellant was convicted of bank robbery upon his
plea of guilty and was sentenced to imprisonment on
October 16, 1946. It is appellant's contention that his
plea of guilty was not intelligently made and that he
could not be charged and convicted of the offense for
which he entered his plea of guilty, because an ac-
tion charging him with the same offense was pending
at the time.

At the time this case was briefed and argued before this court, the record disclosed that a proceedings in error coram nobis was filed soon after appellant's conviction but that the action was dismissed because service of notice was not had on the Attorney General. The record further indicated that a hearing was had in a proceedings in error coram nobis on the 16th day of February, 1953, and that the same was denied. However, there was no record in the transcript of the filing of a second petition in error coram nobis, upon which the hearing and adjudication was based. It was argued that the denial of a writ of error coram nobis under such a record was a nullity and, therefore, did not affect the proceedings now before us.

An opinion was written based upon the record before this court. However, thereafter it was discovered that a second proceedings in error coram nobis was in fact filed, but was filed under a separate cause number from that of the original criminal proceedings and for that reason the *petition* was not entered as a part of the record in this case, although the record of the hearing thereon was entered under the cause number of the original criminal action.[1] On the basis of this information, a writ of certiorari was ordered issued and the record was brought up disclosing that a second proceedings in error coram nobis had in fact been filed and an adjudication made thereon by the trial court. Because of the above stated circumstances the opinion as originally written was with-

---

1. Originally proceedings in error coram nobis were frequently filed in a proceedings separate from the criminal action, upon the theory that the proceedings are civil in nature. However, the better and presently accepted practice is that the proceedings be filed in the original cause of action, the validity of which is challenged.

drawn and this opinion is written to conform with the record in the case.

By reason of the filing, hearing and adjudication of the prior proceedings in error coram nobis, the trial court was without jurisdiction to entertain the subsequent proceedings in error coram nobis which is now before us on appeal, because all issues which are now presented for our consideration were adjudicated or might have been adjudicated in the prior proceedings. Therefore, the issues presented in this subsequent proceedings in error corbam nobis are res judicata. Speaking upon this issue, this court has held:

"In reality, the trial court in this appeal had no jurisdiction to entertain the second petition for writ of error coram nobis. The statute on this subject provides:

'No court shall have jurisdiction to entertain any proceeding for writ of error coram nobis in which the defendant alleges matters or issues which have been or might have been adjudicated in a prior proceeding for writ of error coram nobis brought by the defendant, and a writ of prohibition shall issue to prevent any such court from so assuming jurisdiction.' Acts 1947, ch. 189, §2, p. 625, being §9-3302, Burns' 1956 Repl." *Etheridge* v. *State* (1960), 240 Ind. 384, 388, 164 N. E. 2d 642.

Appellant's petition is therefore ordered dismissed.

Jackson, C. J., concurs in the result; Arterburn & Landis, JJ., concur; Myers, J., not participating.

## ON PETITION FOR REHEARING

ACHOR, J.—Appellant, in support of his petition for rehearing, asserts that the opinion and decision of this court in the above entitled cause is in error in the following respects [See: *Spires* v. *State* (1962), 244

Ind. 82, 189 N. E. 2d 413] : That the statute upon which the court based its decision is unconstitutional.

The statute involved reads as follows:

> "No court shall have jurisdiction to entertain any proceeding for writ of error coram nobis in which the defendant alleges matters or issues which have been or might have been adjudicated in a prior proceeding for writ of error coram nobis brought by the defendant, and a writ of prohibition shall issue to prevent any such court from so assuming jurisdiction." Acts 1947, ch. 189, §2, p. 625, being §9-3302, Burns' 1956 Repl.

Appellant alleges that the above statute is in violation of Art. 1, §12 of the Constitution of Indiana, and in violation of §1 of the 14th Amendment of the Constitution of the United States, being the due process clauses thereof. In support of this contention, appellant cites the fact that this court has already declared §1 of ch. 189, Acts 1947 unconstitutional in *State ex rel. McManamon* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556, wherein this court held that the time limit in which to bring such an action was an improper limitation, the limit being five years after judgment was entered. Appellant asserts that, for the same reason, the limitation on the number of actions which a defendant might bring, as provided in §2 of ch. 189, *supra,* is unconstitutional, being in violation of the due process clauses, *supra.*

It is to be noted that the opinion of *State ex rel. McManamon, supra,* relied upon by appellant, overruled two previous decisions written by the same judge, in the cases of *Pembleton* v. *McManaman* (1949), 227 Ind. 194, 84 N. E. 2d 889, and *State ex rel. Hunter* v. *Murray* (1950), 228 Ind. 93, 89 N. E. 2d 539.

Without approving the reasoning employed in the *McManamon* case, *supra,* it must be observed that the circumstances involved in that case and in the case at bar are clearly distinguishable. In effect, the McManamon case merely held that appellant was entitled to his day in court, under conditions guaranteed by the state and federal constitutions and that, in the absence of such a day in court, he could, at any time thereafter, upon being appraised of his denial of a constitutional right, challenge the validity of the judgment rendered against him by a proceeding in error coram nobis, which subsequent action might be characterized as his second day in court. However, *with respect to issues which he might previously have asserted, the opinion does not purport to thereafter grant a defendant yet a third and subsequent days in court in ad infinitum.*

Except and unless the courts reaffirm and adhere to the doctrine of res judicata, there is no finality and, therefore, no stability in our judicial system to litigation, which is necessary to the rule of law as established over many centuries.

> Under the doctrine of res judicata *all issues,* which were or might have been presented in the prior proceedings, are considered to have been adjudicated.

Petition for rehearing is denied.

Myers, C. J., not participating; Jackson, J., votes to grant rehearing.

NOTE.—Reported in 189 N. E. 2d 413. Rehearing denied 190 N. E. 2d 653.