IN RE SPIRES.

[No. 0-763. Filed April 26, 1965.]

*Marvin Henry Spires, pro se.*

ACHOR, J.—This case is presented by a petition invoking the provisions of Rule 2-40A seeking an order requiring the public defender of Indiana to show cause for refusing to represent petitioner in a proceeding in a belated motion for new trial.

The issue presented is whether the remedy of a belated motion for new trial as provided by the 1963 amendment to Rule 2-40A is available to petitioner who has previously litigated the same claims unsuccessfully in coram nobis proceedings.

Petitioner has previously failed to establish his claims in coram nobis proceedings which were appealed to this court. See *Spires* v *State* (1963), 244 Ind. 82, 189 N. E. 2d 413, reh. den. 190 N. E. 2d 653.

It is well settled—indeed in petitioner's very case re-

affirmed—that the doctrine of res judicata bars consideration in a second coram nobis proceeding of issues which were or might have been litigated in the first proceeding. *Spires* v. *State* (on reh.) ; Burns' Ind. Stat. Anno. §9-3302 (1956 Repl.).

Rule 2-40 provides in part:

"Hereafter no court shall have jurisdiction to entertain any action for a writ of error coram nobis in any criminal case, but the remedy heretofore granted in such a proceeding shall hereafter be obtained solely through a motion for a new trial in the case out of which the cause therefor is alleged to have originated. Each ground shall be separately specified in the motion for a new trial, and any ground or error not so specified shall be considered waived."

It is clear from this language that the intent of the rule is to abolish coram nobis and not to supplement it. From the clear meaning of the rule it can be understood that the motion for new trial would lie only in cases where formerly coram nobis would have been the appropriate remedy.

Since, as has been shown, additional coram nobis proceedings have been barred by us as res judicata, the application of elementary logic makes it obvious that the belated motion for new trial provided by Rule 2-40 is likewise barred by the prior proceeding in error coram nobis.

Since petitioner's actions have precluded any further consideration of his case, further representation by the public defender would be a futility and so the petition must be denied. See: *State ex rel. Henderson* v. *Boone Circuit Court* (1965), 246 Ind. 208, 204 N. E. 2d 346.

Petition denied.

Arterburn, C. J., Landis & Myers, JJ. concur.

Jackson, J., dissents (without opinion).

NOTE.—Reported in 206 N. E. 2d 365.